

**Your Missouri Courts** — Case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print | Logon

### 13JE-CC00420 - LADON SCHMIDT V ENCORCE RECEIVABLE MANAGEMENT, INC (E-CASE)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending       Display Options: All Entries

---

**05/08/2013**   **Motion Filed**
AND MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION
  Filed By: NATHAN KENNEDY BADER
  On Behalf Of: LADON SCHMIDT

**05/07/2013**   **Summons Issued-Circuit**
Document ID: 13-SMCC-966, for ENCORCE RECEIVABLE MANAGEMENT, INC..
  **Filing Info Sheet eFiling**
    Filed By: NATHAN KENNEDY BADER
  **Pet Filed in Circuit Ct**
  Schmidt v Encore Receivable Management Inc Class Action Petition.
    On Behalf Of: LADON SCHMIDT
  **Request Filed**
  Schmidt v Encore Receivable Management Inc Request for Appointment of Process Server.
    Filed By: NATHAN KENNEDY BADER
    On Behalf Of: LADON SCHMIDT
  **Judge Assigned**

---

Case.net Version 5.13.2.2        Return to Top of Page        Released 12/14/2012

**EXHIBIT A**



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division: GARY P KRAMER | Case Number: 13JE-CC00420 |
|---|---|
| Plaintiff/Petitioner: LADON SCHMIDT  vs. | Plaintiff's/Petitioner's Attorney/Address NATHAN KENNEDY BADER 400 GREENLEAF DR KIRKWOOD, MO 63122 |
| Defendant/Respondent: ENCORCE RECEIVABLE MANAGEMENT, INC. | Court Address: P O BOX 100 300 MAIN ST HILLSBORO, MO 63050 |
| Nature of Suit: CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: ENCORCE RECEIVABLE MANAGEMENT, INC.
Alias:
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

05/07/2013     HOWARD WAGNER -CIRCUIT CLERK

**JEFFERSON COUNTY**     /s/ BETH FIELDER -DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date     Notary Public

**Sheriff's Fees**
Summons     $_____
Non Est     $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $  10.00
Mileage     $_____ ( _____ miles @ $_____ per mile)
Total     $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Jefferson County - Circuit Court - May 07, 2013 - 09:35 AM CDT

13JE-CC00420

IN THE CIRCUIT COURT
JEFFERSON COUNTY
STATE OF MISSOURI

| | |
|---|---|
| LADON SCHMIDT | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division |
| ENCORE RECEIVABLE | ) |
| MANAGEMENT, INC. | ) |
| Defendant. | ) |
| Serve at: | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, Missouri 63105 | ) JURY TRIAL DEMANDED |

## INTRA-STATE CLASS ACTION PETITION

COMES NOW, Plaintiff, LaDon Schmidt, and for her Class Action Petition states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer on behalf of an intra-state class of similarly situated Missouri consumers for Defendant's class-wide, systemic, and egregious violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.*

2. Plaintiff demands, on her own behalf and also as class representative, a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of all claims because Defendant directed all of its collection tactics and mailed the collection letter described herein to Plaintiff at her residence in Jefferson County, Missouri.

4. Venue is appropriate in this Court because all of Defendant's illicit behavior was directed at Plaintiff while she was in Jefferson County, Missouri.

1

## PARTIES

5. Plaintiff is a natural person currently residing in Jefferson County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6. Defendant is a foreign corporation with its principal place of business in Olathe, Kansas. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

8. Defendant's collection conduct began with a letter it sent to Plaintiff dated March 26, 2013.

9. To the best of Plaintiff's knowledge, she received the letter a few days after its stated date.

10. Defendant's March 26 letter disclosed that the balance of the debt was $566.00.

11. Defendant's letter did not contain any safe harbor language that explained to Plaintiff that due to interest, late charges, and other charges that may vary from day to day, the amount due on the day Plaintiff would pay might be greater than the amount due contained in the letter.

12. Defendant's letter did not otherwise indicate that interest or penalties were accruing on Plaintiff's alleged debt.

13. As shown below, Defendant was in fact charging interest and/or penalties on the debt.

14. Defendant's March 26 letter was therefore deceptive, misleading, and failed to accurately state the amount of the debt.

15. Defendant's letter also stated, as required by 15 U.S.C. § 1692g, that Plaintiff had thirty (30) days from the day she received the letter to dispute the debt and obtain validation and verification thereof.

16. Plaintiff, wanting to learn more about Defendant's collection activity, called Defendant in late April 2013- a time within thirty days of Plaintiff's receipt of the letter.

17. Plaintiff's late April call ("the call") occurred within her statutory dispute period pursuant to § 1692g as explained in Defendant's letter.

18. During the call, Defendant stated that Plaintiff's balance was now $601.54.

19. Thus, interest and/or penalties were clearly accruing on Plaintiff's alleged debt – the balance had risen by over $35 in less than one month.

20. Also during the call, Defendant demanded payment of an "amount due" of $274.

21. Plaintiff stated that she could not pay that amount at that time and that she would call back when she had the funds.

22. Defendant, desperate to receive payment, told Plaintiff: "I need you to pay at least $15 to save the account."

23. This statement was deceptive. There was nothing from which Plaintiff's account needed to be "saved." Defendant was only interested in extracting a payment from Plaintiff.

24. Defendant's demands for payment in the late April telephone conversation overshadowed Plaintiff's dispute, validation, and verification rights provided by § 1692g.

25. Defendant's actions caused Plaintiff to believe that she had no right to dispute the debt, and that she must pay the debt during the dispute period.

26. Plaintiff never agreed to arbitrate any disputes with Defendant.

3

Electronically Filed - Jefferson County - Circuit Court - May 07, 2013 - 09:35 AM CDT

27. Plaintiff never agreed to waive or modify any right to participate in a class action suit with respect to Defendant.

28. Defendant's collection conduct caused Plaintiff to suffer actual damages in the form of anxiety and stress.

29. Plaintiff will attempt to collect for these actual damages only in the event a class is not certified in this case. Upon information and belief, it is Defendant's routine practice to engage in the above-described collection tactics in its letters and phone calls to consumers.

## CLASS ALLEGATIONS

30. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by (1) overshadowing the consumer's dispute right by demanding payment within the thirty-day dispute period of §1692g and by (2) failing to disclose in its collection letters the fact that interest is accruing on the debt referenced in the letter.

31. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The two-part class consists of the following persons:

> a. Part one (the "FDCPA overshadowing class"): all persons with a Missouri postal address owing a consumer debt that Defendant was attempting to collect, where such a person, within one year prior to the filing date of this Petition, engaged in a telephone call with Defendant that occurred within thirty days of the date on Defendant's initial collection letter where Defendant made a payment demand without explaining that the demand was subject to the consumer's right to dispute the debt, to request validation of the debt, and/or to receive verification of the debt.

4

b. Part two (the "FDCPA letter interest disclosure class"): all persons with a Missouri postal address owing a consumer debt that Defendant was attempting to collect, where such a person, within one year prior to the filing date of this Petition, received a collection letter from Defendant that failed to disclose the underlying debt was accruing interest.

32. Members of the class are so numerous that joinder is impracticable. Based on research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout the United States and Missouri in particular due to Defendant's close proximity to Missouri.

33. Upon information and belief, Defendant has engaged in the improper collection communications and telephone calls described above with thousands of consumers.

34. Plaintiff is a member of each class she seeks to represent.

35. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

36. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

37. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the

5

Electronically Filed - Jefferson County - Circuit Court - May 07, 2013 - 09:35 AM CDT

same questions of law and involve the same methods of collection and telephone contact by the Defendant.

38. Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

39. The purposes of the FDCPA will be best effectuated by a class action.

40. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

41. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

42. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

43. Five common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant overshadowed the dispute rights of the class by making payment demands within the thirty day dispute period; (4) whether Defendant sent collection letters to the class; and (5) whether those collection letters disclosed the existence of interest accruing on the debt where Defendant was actually charging such interest.

44. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

Electronically Filed - Jefferson County - Circuit Court - May 07, 2013 - 09:35 AM CDT

45. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

46. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

48. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692a-j, et. seq.*, including, but not limited to, the following:

a. Defendant overshadowed Plaintiff's dispute / validation / verification rights pursuant to 15 U.S.C. § 1692g;

b. Defendant deceptively failed to state the amount of the debt. 15 U.S.C. §1692d-f.

c. Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. 15 U.S.C. § 1692d-f;

d. Defendant communicated a false impression of the character, amount and legal status of the debt. 15 U.S.C. §1692e;

WHEREFORE, Plaintiff respectfully requests that this Court certify the proposed class, appoint Plaintiff class representative, appoint the undersigned as class counsel, and that judgment be entered against Defendants and in favor of Plaintiff and the class for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Attorneys' Fees;

C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k);

7

Electronically Filed - Jefferson County - Circuit Court - May 07, 2013 - 09:35 AM CDT

D. Actual damages only in the event the Court declines to certify any class; and

E. For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Nathan K. Bader

**RICHARD A. VOYTAS, #52046**
**NATHAN K. BADER, #64707**
**Voytas & Company**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**
**Fax:    (314) 667-3161**

8